FILED

2010 Apr-26  PM 01:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **NANCY G. DAVIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 4:09-CV-2120-VEH** |
| | ) |
| **DAVID L. CHANDLER,** | ) |
| | ) |
| **Defendant.** | ) |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on a Motion to Dismiss filed by Defendant David L. Chandler.  (Doc. 13).  Plaintiff Nancy G. Davis filed a response to the motion (doc. 17), and Defendant filed a reply brief (doc. 18).  In her Amended Complaint, Plaintiff asserts that Defendant violated her Fourth and Fourteenth Amendment rights and asserts claims via 42 U.S.C. § 1983 for "False Arrest/Malicious Prosecution/Abuse of Process" stemming from Plaintiff's arrest by Defendant on September 4, 2007.  (Amended Complaint, doc. 7, para. 7-8, 17-25). Defendant argues that Plaintiff's claims are due to be dismissed because the applicable statute of limitations expired prior to Plaintiff's filing of this lawsuit.  The motion is ripe for review.  Upon consideration, the motion is due to be **GRANTED** for the reasons stated herein.

## I.      Rule 12(b)(6) Standard of Review

A Rule 12(b)(6) motion attacks the legal sufficiency of a complaint.  *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *as abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also* Fed. R. Civ. P. 8(a).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In evaluating a motion to dismiss, the court assumes that all factual allegations set forth in the complaint are true, *see United States v. Gaubert*, 499 U.S. 315, 327 (1991), and construes all factual allegations in the light most favorable to the plaintiff. *See Brower v. County of Inyo*, 489 U.S. 593, 598 (1989).

Following the principles announced in *Twombly* and elaborated upon in *Iqbal*, the court follows a two-pronged approach. First, the court begins by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," since "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S.Ct. at 1950. Assuming that a claim is supported by "well-pleaded factual allegations, a court should assume their veracity and determine whether they plausibly give rise to an entitlement to relief." *Id.*

## II. Plaintiff's Pleadings

### A. Plaintiff's Amended Complaint, like the original Complaint, is a "shotgun" pleading.

Plaintiff commenced this action on October 19, 2009. (Complaint, doc. 1). On

November 13, 2009, the court *sua sponte* directed Plaintiff to file an Amended

Complaint.  In relevant part, the court ordered as follows:

> The Court is in receipt of Defendant David L. Chandler's "Notice" regarding Plaintiff's Complaint. (doc. 5).  After receiving that document, the Court reviewed the other filings of record in this case and has concluded *sua sponte* that Plaintiff's Complaint (doc. 1) must be repled.
>
> Plaintiff's Complaint asserts 42 U.S.C. § 1983 claims for false arrest and malicious prosecution in violation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.  Those claims are brought against a government officer, and it is unclear from the Complaint whether Defendant is being sued in either or both his official or individual capacity.  Moreover, Plaintiff speculates that Defendant is an employee of one of two different governmental entities.  Finally, the alleged factual circumstances giving rise to Plaintiff's claims are alleged in a conclusory fashion, and they do not provide either Defendant or the Court with enough information regarding the substance of Plaintiff's § 1983 claims.  Those deficiencies cause the Complaint to fall short of the mark required by Federal Rule of Civil Procedure 8(a).  *See*, *e.g.*, *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) ("[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'") (quoting *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).[1]
>
> Also, when a plaintiff asserts individual capacity claims against government officials, there is a heightened pleading standard applicable

_____

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

to those claims.  *See*, *e.g.*, *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Accordingly, when reviewing a district court's disposition of a motion to dismiss a § 1983 claim on qualified immunity grounds, we are guided by . . . the heightened pleading requirement."); *Gonzales v. Reno*, 325 F.3d 1228, (11th Cir. 2003) (holding that in civil rights cases in which the defense of qualified immunity plays a role, the complaint must "allege the relevant facts with some specificity," and that "[m]ore than mere conclusory notice pleading is required") (internal citations and marks omitted).  Insofar as Plaintiff is asserting claims that would trigger the defense of qualified immunity, the Complaint does not satisfy the heightened pleading requirement with respect to those claims.

Accordingly, Plaintiff is **ORDERED** to file, within eleven (11) days from the date of this Order, an amended complaint that complies with the Federal Rules of Civil Procedure and that meets the heightened pleading requirement discussed *supra*.

(November 13, 2009, Order, doc. 6).

Presumably in response to the November 13, 2009, Order, Plaintiff filed an Amended Complaint that presents additional allegations of fact and also asserts a § 1983 "abuse of process" claim that was not pled in the original Complaint.  The Amended Complaint, however, suffers from the same deficiencies as its predecessor: *i.e.*, Plaintiff does not state whether Defendant is being sued in his individual or official capacity, or both; Plaintiff speculates that Defendant was acting as an "agent" of one of three different law enforcement groups;[2] the facts alleged by Plaintiff do not

---

[2] Plaintiff alleges that Defendant is "an employee, agent or officer of the Albertville Police Department, Marshall County Sheriff's Department or the Marshall County Drug Task Force."  (Amended Complaint, doc. 7, para. 21).

5

meet the minimum requirements of notice pleading under Federal Rule of Civil Procedure 8(a); and Plaintiff's allegations are not pled with the heightened requirement applicable to § 1983 claims against persons sued in their individual capacities.   Moreover, Plaintiff's three legal claims are lumped together under a single heading, in violation of Federal Rule of Civil Procedure 10, which requires that a Plaintiff set out each legal claim in a separately numbered count.

In the present case, Plaintiff's failure to set out her claims in separate counts is of particular concern.   Based on the allegations of fact and because of the way Plaintiff's claims are currently presented, it is unclear whether Plaintiff is asserting separate § 1983 claims for false arrest, malicious prosecution, and abuse of process or if Plaintiff considers those to be one § 1983 claim that goes by different names. Construing Plaintiff's Amended Complaint generously, the court will analyze Defendant's Motion to Dismiss as though Plaintiff intended to assert three distinct § 1983 claims.

In most cases, the court would order that Plaintiff re-plead her Amended Complaint to cure its deficiencies.   In this case, two factors weigh against that course of action.   First, Plaintiff has already been given the chance to amend her pleadings and she failed to comply with the court's directives.   As discussed, the Amended Complaint misses the mark.   The court does not see any merit in continuing to apprise

Plaintiff of deficiencies in her pleadings of which Plaintiff was previously made aware and failed to cure.  Moreover, Plaintiff is represented by an attorney, and the court is not obligated to view her pleadings liberally as it would if she were proceeding *pro se*.  For these reasons, Plaintiff must rely on her Amended Complaint at this juncture.  Second, and more important, permitting any additional amendments to Plaintiff's pleadings would be an exercise in futility.  Based on the material allegations of fact (that are more than conclusory or vague) of Plaintiff's Amended Complaint and when construing Plaintiff's legal claims in the broadest possible sense, Plaintiff's case cannot proceed.  Any further delay caused by allowing Plaintiff to file another amended complaint would, therefore, be needlessly dilatory and against the interests of justice.[3]  Accordingly, the court will analyze the propriety of dismissal in light of the allegations of fact and the legal claims asserted in the Amended Complaint.

---

[3] Also, Plaintiff has not sought leave to file another amended complaint.  Such silence indicates to this court that Plaintiff is comfortable resting on the allegations and claims asserted in the Amended Complaint.  Further, "district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."  *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F. 3d 541, 542 (11th Cir. 2002) (*en banc*) (overruling the holding of *Bank v. Pitt*, 928 F. 2d 1108, 1112, (11th Cir. 1991), that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice").

## B.    Plaintiff's Allegations[4]

On September 4, 2007, "law enforcement" officers searched Plaintiff's house with Plaintiff's permission. (Amended Complaint, doc. 7, para. 7). The officers were allegedly "looking for a person named Jason Clements." (*Id.*). They did not find that individual during their search of Plaintiff's house. (*Id.*). Approximately ten minutes after those officers departed, Defendant and another officer arrived at Plaintiff's home. (*Id.* at para. 8). She allowed them to come inside. (*Id.*). The officers asked Plaintiff "if she had any drugs on the property." (*Id.*). "She acknowledged that she did and obtained the small amount of marijuana contained in a Diet Coke can and gave it to [Defendant]." (Amended Complaint, doc. 7, para. 8). Defendant then transported Plaintiff to a facility in Boaz, Alabama. (*Id.* at para. 9).

After they arrived in Boaz, Defendant allegedly handcuffed Plaintiff "about the hands and feet" and "arrested" her pursuant to a warrant. (Amended Complaint, doc. 7, para. 10, 23). Plaintiff was initially charged with "allegedly attempting to purchase crystal methamphetamine with a forged prescription from Bishop Pharmacy in Albertville, Alabama." (*Id.*). According to Plaintiff, a judge dismissed that charge

---

[4] Plaintiff's allegations of fact, as they have been summarized herein, are gleaned from Plaintiff's Amended Complaint (doc. 7). The only named defendant to this lawsuit is David L. Chandler. Therefore, only Plaintiff's allegations of fact with regard to that individual are material to her legal claims.

against her later that same day because the "charge contained in the arrest warrant was unheard of and not a recognized crime under Alabama law." (Amended Complaint, doc. 7, para. 11). According to Plaintiff, she was also charged with "attempting to possess or receive a controlled substance" and was released by a judge on bond. (Amended Complaint, doc. 7, para. 13).

Plaintiff alleges that she was wrongfully detained by Defendant for approximately seven hours on September 4, 2007, and that Defendant improperly "initiated [a] criminal prosecution against [her]." (Amended Complaint, doc. 7, para. 14, 17). According to Plaintiff, all charges against her were "later dismissed." (Amended Complaint, doc. 7, para. 15).[5]

## III. Discussion

### A.    Plaintiff's legal claims

As noted above, Plaintiff asserts claims against Defendant for false arrest,

---

[5] Plaintiff also alleges that, while she was being detained, she was approached by a law enforcement officer identified in the Amended Complaint as Roger Sparks. (Amended Complaint, doc. 7, para. 12). Plaintiff has not named that individual as a defendant in this action. Officer Sparks asked Plaintiff to sign a consent form that would allow law enforcement officers to search her house while she was being detained. (Id.). Plaintiff refused to sign the consent. (Id.). When Plaintiff "returned to her home later that day, she discovered that her house had been searched by the authorities without her consent or knowledge and that they had not broken down the door so they must have used the key contained in her purse without permission." (Amended Complaint, doc. 7, para. 12). These allegations are immaterial to the claims levied against Defendant as there are no assertions of fact contained in the Amended Complaint suggesting that Defendant was involved in the alleged search of Plaintiff's home.

malicious prosecution, and abuse of process "under 42 U.S.C. [§] 1983 and the Fourth and Fourteenth Amendments to the United States Constitution." (Amended Complaint, doc. 7, para. 16-25).

In pertinent part, § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.[6] "Section 1983 is no source of substantive federal rights. Instead, to state a section 1983 claim, a plaintiff must point to a violation of a specific federal right." *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996) (citing *Albright v. Oliver*, 510 U.S. 266 (1994) (citing, in turn, *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979))). "The first task in a section 1983 suit is 'to isolate the precise constitutional violation with which [defendant] is charged.'" *Jordan v. Mosley*, 298 Fed. Appx. 803, 805 (11th Cir. 2008) (quoting *Baker*, 443 U.S. 137) (bracketed text in original). In the present case, Plaintiff's claims have their substantive basis in the

---

[6] Notably, Plaintiff does not allege that Defendant was acting under color of state law; however, based on Plaintiff's allegation that Defendant is a "State Agent," the court infers, for the purpose of this Memorandum Opinion, that Defendant was allegedly acting under color of state law. (Amended Complaint, doc. 7, para. 22).

Fourth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment.[7]

**B.      Plaintiff's false arrest claim is barred by the applicable statute of limitations.**

Plaintiff's false arrest claim is clearly rooted in the Fourth Amendment.  *See*, *e.g.*, *Bates v. Harvey*, 518 F.3d 1233, 1239 (11th Cir. 2008) (noting that the "nature" of a false or unlawful arrest claim is for a claim due to the violation of a person's Fourth Amendment right to be free from unlawful seizure).  Defendant argues that Plaintiff's false arrest claim is due to be dismissed because the claim is barred by the applicable statute of limitations governing claims brought under 42 U.S.C. § 1983.

---

[7] In an unpublished opinion, the Eleventh Circuit observed as follows:

> If an Amendment provides an explicit textual source of constitutional protection against the sort of conduct complained of, that Amendment – not the more generalized notion of substantive due process under the Fourteenth Amendment – is the guide for analyzing the claim. *See Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 1870-71, 104 L.Ed.2d 443 (1989) (in the context of an excessive force claim).  For example, in *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), the Supreme Court refused to recognize a substantive due process right under the Fourteenth Amendment to be free from criminal prosecution except upon probable cause; the Court determined that such a claim must be analyzed under the Fourth Amendment.  *Id.* at 813.

*Jordan v. Mosley*, 298 Fed. Appx. 803, 805 (11th Cir. 2008).  In the present case, Plaintiff's claims are premised on her alleged unlawful arrest and subsequent prosecution.  Based on the observation of *Jordan* and the logic of *Albright*, this court will analyze Plaintiff's § 1983 claims under the Fourth Amendment, not the Due Process Clause of the Fourteenth Amendment.

It is well-established, and the parties to this case agree,[8] that Alabama's statute of limitations for personal injury suits applies to this § 1983 case. *See Wilson v. Garcia*, 471 U.S. 261, 269 (1985), *superceded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-81 (2004), and *Robertson v. Hecksel*, 420 F.3d 1254, 1260-61 (11th Cir. 2005). The Alabama statute of limitations for personal injury suits is two years. Ala. Code § 6-2-38 (1975) (2005 Replacement Vol.); *Lufkin v. McCallum*, 956 F.2d 1104, 1106 n.2 (11th Cir. 1992) ("Alabama's general statute of limitations for personal injury actions is two years.").

The parties disagree, however, as to whether the court should consider federal or state law for the purpose of determining when the two year statute of limitations began to run. Plaintiff suggests that this court should look to state law. She argues that, under the holding of *Blake v. Barton Williams, Inc.*, 361 So. 2d 376 (Ala. Civ. App. 1978), her claims did not accrue until the date of "the final termination of the criminal proceeding" in her favor.[9] (Plaintiff's Response to Motion to Dismiss, doc.

---

[8] *See* Brief in Support of Defendant's Motion to Dismiss, doc. 14, pp.2-3 (arguing that, in § 1983 actions, "the state's general or residual personal injury statute of limitations should apply"); Plaintiff's Response to Motion to Dismiss, doc. 17, p. 2 ("The two year period under Code of Alabama 1975 § 6-2-38 is the correct statutory period for filing the claims contained in the Amended Complaint.").

[9] The court notes that the holding in *Blake* concerned a claim for the state-law tort of malicious prosecution, which is a different claim than the § 1983 malicious prosecution claim asserted by Plaintiff in this lawsuit. *Cf. Blake*, 361 So. 2d at 378 (discussing when a claim for a state-law claim for malicious prosecution accrues for statute of limitations purposes); *Whiting v. Traylor*, 85 F.3d 581, 584 (11th Cir. 1996) (discussing the Fourth Amendment implications of a

17, p. 2).  Defendant, on the other hand, contends that "the question of when the cause of action accrued is one of federal law."  (Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss, doc. 18, p. 2 n.1).  Defendant is correct.

The Supreme Court has made it clear that "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original).  "[T]he standard rule [is] that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief[.]" *Id.* (citations and marks omitted).  A claim for false arrest accrues "as soon as the allegedly wrongful arrest occurred[.]" *Id.*

In *Wallace*, the Supreme Court held "that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 397.  The holding of *Wallace* is applicable to the facts of this case.  In the present case, Plaintiff alleges that she was arrested by Defendant pursuant to an arrest warrant and that she was later prosecuted.  (Amended Complaint, doc. 7, para. 10-11, 18-19, 23).  Plaintiff was

---

§ 1983 "malicious prosecution" claim).  Interestingly, *Blake* does not address any of Plaintiff's legal claims in the case at bar.

arrested on September 4, 2007.  Applying the Supreme Court's holding in *Wallace* to Plaintiff's allegations, the two year statute of limitations began to run on September 4, 2007, the date of her arrest.  This lawsuit was filed more than two years later, on October 19, 2009.  Accordingly, Plaintiff's § 1983 false arrest claim is time barred and is due to be dismissed.

### C.    Plaintiff's § 1983 false arrest claim fails on its merits.

In the alternative, Plaintiff's false arrest claim fails on its merits.  As discussed above, Plaintiff alleges that she was arrested by Defendant pursuant to a warrant but that all charges against her were either dropped or dismissed.  "The law is plain that an officer who arrests someone pursuant to a valid warrant has no liability for false arrest even though the suspect is later proved innocent."  *Rodriguez v. Ritchey*, 539 F.2d 394, 401 (5th Cir. 1976).  Law enforcement officers have a "duty to arrest" if they are in possession of an arrest warrant.  *Id.*  Plaintiff has not alleged any facts, beyond vague and conclusory assertions, that the warrant was invalid.  Plaintiff appears to contend that the arrest warrant was invalid solely because all charges against her were disposed of in her favor.  The fact that the charges contained within the warrant were later dropped does not in itself render the arrest warrant defective. *Id.* at 406 ("Just because a person validly arrested is later discovered to be innocent does not make her arrest "unlawful" for Fourth Amendment purposes.  To the

contrary, an arrest carried out pursuant to a validly issued warrant is conclusively presumed to be proper.") (Tjoflat, J. concurring in part and dissenting in part) (citing *United States v. Cravero*, 536 F.2d 637, 647-48 (5th Cir. 1976) ("The arrest warrants represent judicial sanction of the deprivations of the suspects' liberties.  Possession of the warrants was a completely self-validating justification for the arrests . . . .")). "A policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest . . . and being mulcted in damages if he does." *Id.* at 401 (quoting *Pierson v. Ray*, 386 U.S. 547, 555 (1967)).

Even had Defendant not been in possession of an arrest warrant, Plaintiff's arrest was nonetheless not a violation of the Fourth Amendment because Defendant had probable cause to arrest Plaintiff.  To establish a Fourth Amendment violation for false arrest, a plaintiff must show that the arresting officer acted without probable cause.  *See Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004) ("The Fourth Amendment's guarantee against unreasonable searches and seizures encompasses the right to be free from arrest without probable cause.").  Probable cause to effect an arrest exists if, at the moment the arrest was made, "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing" that the person arrested either had committed, or was in the process of committing, an

offense. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). *See also Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) ("Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest."). Therefore, "[t]o determine whether an officer had probable cause to arrest an individual, [courts] examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)).

Prior to Plaintiff's arrest, Plaintiff admitted to Defendant that she was in possession of marijuana and she gave the marijuana to Defendant. The court takes judicial notice that, in Alabama, "[a] person commits the crime of unlawful possession of marijuana in the second degree if . . . he possesses marijuana for his personal use only."[10] Ala. Code § 13A-12-214(a) (1975) (2005 Replacement Vol.). It is also a crime in Alabama if an individual "possesses marijuana for other than personal use." Ala. Code § 13A-12-213(a)(1) (1975) (2005 Replacement Vol.). At the point Plaintiff admitted to Defendant she was in possession of marijuana,

---

[10] *See U.S. v. Guinn*, 454 F.2d 29, 38 (5th Cir. 1972) (holding that a district court did not err when it "took judicial notice of the statutes of the State of Texas without requiring proof of those statutes or announcing that it was taking judicial notice of the statutes").

Defendant had probable cause to arrest Plaintiff, even if she was not ultimately charged with an offense under § 13A-12-213 or 214.  That probable cause defeats Plaintiff's §1983 false arrest claim.[11]

### D.   Plaintiff's § 1983 malicious prosecution claim fails on its merits.

With regard to Plaintiff's § 1983 "malicious prosecution" claim, the Supreme Court has declined to decide whether such a claim is cognizable.  *See Wallace*, 549 U.S. at 390 n.2 ("We have never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983 . . . .").  On the same issue, however, the Eleventh Circuit found that:

> Indeed, there has been a remarkable divergence of opinion among the circuit courts as to both the extent to which the claim of malicious prosecution gives rise to a federal cause of action and, assuming that

---

[11] The court notes that if a plaintiff is arrested in her home without a warrant, a heightened standard for such a Fourth Amendment false arrest claim applies.  *See Bates v. Harvey*, 518 F.3d 1233, 1239-1240 (11th Cir. 2008) (observing that where an arrest is made "that (1) occurs within the arrested person's home and (2) is not accompanied by either an arrest or search warrant, the plaintiff must prove that the officer's presence in the her home was unlawful to establish a constitutional violation").  Plaintiff alleges that she was not arrested by Defendant until she arrived in Boaz, Alabama.  Therefore, according to Plaintiff's Amended Complaint, she was not arrested in her home.  Also, Plaintiff alleges that Defendant had a warrant for her arrest.  That said, even had Plaintiff been arrested in her home and without a warrant, she could not maintain a Fourth Amendment false arrest claim under the facts she has pled.  "[S]eizures inside a home without a warrant are presumptively unreasonable." *Id.* at 1239 (citations omitted).  "The presumption is rebutted, and the arrest lawful, only when some exception to the warrant requirement – such as <u>consent</u> or exigent circumstances – exists." *Id.* (emphasis supplied).  In the present case, Plaintiff has expressly alleged that she consented to Defendant's entry of her home.  Accordingly, even if the arrest was made in her home and without a warrant, the arrest was nonetheless lawful because Defendant had Plaintiff's consent and probable cause existed for the arrest.

such a claim is cognizable, its constitutional source; our court, however, unequivocally has identified malicious prosecution to be a constitutional tort that is cognizable under § 1983.

*Uboh v. Reno*, 141 F.3d 1000, 1002-1003 (11th Cir. 1998).

Labeling . . . a section 1983 claim as one for a 'malicious prosecution' can be a shorthand way of describing a kind of legitimate section 1983 claim: the kind of claim where the plaintiff, as part of the commencement of a criminal proceeding, has been unlawfully and forcibly restrained in violation of the Fourth Amendment and injuries, due to that seizure, follow as the prosecution goes ahead.

*Whiting v. Traylor*, 85 F.3d 581, 584 (11th Cir. 1996) (quoted with approval in *Uboh*, *supra*). Therefore, as the Eleventh Circuit has recognized a § 1983 malicious prosecution claim, the court will consider the Motion to Dismiss as to that claim.

> **1. The court is without sufficient information to rule on Defendant's argument that Plaintiff's malicious prosecution claim is time barred.**

The statute of limitations on a § 1983 malicious prosecution claim does not begin to run until the criminal proceedings against the plaintiff have been concluded in that plaintiff's favor. *See Whiting*, 85 F.3d at 586 ("When the seizure is part of the institution of a prosecution (that is, when the Fourth Amendment violation is of the kind making a section 1983 claim based on the violation analogous to the tort of malicious prosecution), the plaintiff may properly wait to sue until the prosecution terminates in his favor."). Therefore, Plaintiff's claim for malicious prosecution is

timely brought if this action was commenced within two years from the date the charges stemming from the September 4, 2007, arrest were discharged in Plaintiff's favor.  The problem in this case is that Plaintiff has not provided the court, in her Amended Complaint, with the date the charges against her were "dropped or later dismissed."[12]  (Amended Complaint, doc. 7, para. 15).  As such, the court has no factual basis on which to determine whether the claim was timely brought.  The failing of Plaintiff's Amended Complaint on that point, however, is of no consequence because Plaintiff's § 1983 malicious prosecution claim fails on its merits, even when the allegations of fact are construed in a light most favorable to Plaintiff.

### 2. Plaintiff's § 1983 malicious prosecution claim cannot survive a motion to dismiss.

A claim for "malicious prosecution "remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Wallace*, 549 U.S. at 390 (emphasis in original).  "To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the [state] law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free

---

[12] In her response to the Motion to Dismiss, Plaintiff asserts that all charges were dismissed on October 19, 2009 – *i.e.*, the date the present lawsuit was filed.  (Doc. 17, p. 2).  The court cannot consider that representation, however, because it has no basis in the pleadings. Moreover, "[s]tatements by counsel in briefs are not evidence."  *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980).

from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (citing *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003)).   Under Alabama law, "[t]he elements of malicious prosecution are: (1) a judicial proceeding initiated by the defendant, (2) the lack of probable cause, (3) malice [on the part of the defendant], (4) termination [of the criminal proceedings] in favor of the plaintiff, and (5) damage." *Moon v. Pillion*, 2 So.3d 842, 845 (Ala. 2008) (citation omitted); *see also U.S. Steel, LLC, v. Tieco, Inc.*, 261 F.3d 1275, 1290 (11th Cir. 2001) (same).

Looking first to the elements of a claim for malicious prosecution under Alabama law, Plaintiff has not pled any facts, beyond impermissibly vague statements, that Defendant "initiated" judicial proceedings against Plaintiff or facts that speak directly to the "malice" element.   In other words, there is no factual basis in Plaintiff's Amended Complaint, beyond a conclusory musing that "the criminal prosecution was initiated for ulterior, improper and malicious purposes," to create a plausible inference that Defendant acted with any malice toward Plaintiff.   Plaintiff's failure to plead such facts renders her malicious prosecution claim untenable. Accordingly, the claim is due to be dismissed on its merits.

**E.    Plaintiff's § 1983 abuse of process claim fails on its merits.**[13]

---

[13] Similar to Plaintiff's § 1983 malicious prosecution claim, the court is without sufficient information in the pleadings to determine whether Plaintiff's abuse of process claim was made within the applicable statute of limitations.

The court now turns to Plaintiff's § 1983 "abuse of process" claim.  Neither the Supreme Court nor the Eleventh Circuit have expressly or implicitly recognized a § 1983 "abuse of process" claim.  In fact, in an unpublished opinion, the Eleventh Circuit has cast doubt, without deciding the issue, as to whether a § 1983 claim for abuse of process is a cognizable claim.  *See Jordan v. Mosley*, 298 Fed. Appx. 803, 806  (11th Cir. 2008).  The Court in *Jordan* noted, without discussion, that "even if abuse of process could be a cognizable tort under section 1983, proper analysis would be under the Fourth Amendment."[14]  *Id.*  This court is not convinced, particularly in light of the Eleventh Circuit's statements in *Jordan*, *supra*, that a § 1983 "abuse of process" claim is a cognizable claim.  That said, the court finds alternatively that there are no facts within the Amended Complaint to support a § 1983 "abuse of

---

[14] The circuits that have recognized a § 1983 abuse of process claim have couched the constitutional violation as one for denial of due process under the Fourteenth Amendment where the facts support such a claim.  For example, the Second Circuit in *Cook v. Sheldon*, 41 F.3d 73 (2d Cir. 1994), stressed that "[t]he distinction between civil and criminal abuse of process is critical for section 1983 purposes . . . [because] while malicious criminal prosecution implicates constitutional right not to be deprived of liberty, [the] same is not automatically true for malicious civil prosecution."  *Cook*, 41 F.3d at 80.  The Third Circuit, which also expressly recognizes a § 1983 abuse of criminal process claim, held that "[a]n abuse of [criminal] process is by definition a denial of procedural due process."  *Jennings v. Shuman*, 567 F.2d 1213, 1220 (3d Cir. 1977) (quoted with approval by the Second Circuit in *Cook*, *supra*).

Also, it is worthy of note that the Second Circuit determined that, in light of the Supreme Court's decision in *Wilson v. Garcia*, 471 U.S. 261 (1985), that it must "turn to state law to find the elements of the [§ 1983] malicious abuse of process claim."  *Cook*, 41 F.3d 73 at 80 (citing *Wilson*, 471 U.S. at 277, for the proposition that "state law is authoritative source of elements of section 1983 cause of action").

process" claim as that claim has been defined by other Circuits.

The Second Circuit, which has expressly recognized a § 1983 "malicious abuse of criminal process" claim "where the complaint alleges a deprivation of a constitutional right," has observed that "[t]he torts of malicious prosecution and abuse of process are closely allied. While malicious prosecution concerns the improper issuance of process, the gist of abuse of process is the improper use of process after it is regularly issued." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994) (emphasis supplied).  Stated another way, "[i]n contrast to a section 1983 claim for malicious prosecution, a section 1983 claim for malicious abuse of process lies where 'prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law.'" *Rose v. Bartle*, 871 F.2d 331, 350 n.17 (3d Cir. 1989) (quoting *Jennings v. Shuman*, 567 F.2d 1213, 1217 (3d Cir. 1977)).

In the present case, Plaintiff has not pled any facts whatsoever to suggest that the criminal prosecution against her was legitimately initiated and later used for an improper purpose.  Directly to the contrary, Plaintiff has only pled facts that, when generously construed, indicate that she believes that her arrest and prosecution were constitutionally improper from their inception.  (Amended Complaint, doc. 7, para. 17-19 ("The institution of this [criminal] process [without probable cause] was wrongfully used.") (emphasis supplied)).  It appears, therefore, that Plaintiff's § 1983

22

cause of action is for malicious prosecution and not abuse of process.  Insofar as

Plaintiff has asserted a § 1983 cause of action for "abuse of process," such a claim has

no basis of fact in the Amended Complaint and cannot survive a motion to dismiss.[15]

## IV.  Conclusion

Plaintiff's claims cannot survive a motion to dismiss.  Plaintiff's Amended

Complaint is precisely the sort of "pleading that offers 'labels and conclusions' or 'a

_____

[15] Had Plaintiff asserted facts (which she did not) that Defendant lawfully initiated criminal process against her but later used that process for a malicious and unlawful purpose, the court would have considered Plaintiff's allegations of fact under the following rubric: Similar to a "malicious prosecution" claim (the "cousin" of an "abuse of process" claim), and assuming without deciding that a cognizable § 1983 "abuse of process" claim exists as a matter of law, a plaintiff must establish the elements of the common law tort of abuse of process, *see Cook*, 41 F.3d 73 at 80, as well as a violation of either her Fourth Amendment right to be free from unlawful searches and seizures, *see Jordan*, *supra*, <u>or</u> a violation of her Fourteenth Amendment right to due process, *see Jennings*, *supra*.  Under Alabama law, "[t]o state an abuse of process claim, one must allege the abuse of a judicial process."  *U.S. Steel, LLC, v. Tieco, Inc.*, 261 F.3d 1275, 1292 (11th Cir. 2001).  The elements of an Alabama abuse of process claim are: (1) the existence of an ulterior purpose; (2) a wrongful use of process, and (3) malice.  *See Hollander v. Nichols*, 19 So. 3d 184, 193 (Ala. 2009) (quoting *C.C. & J., Inc. v. Hagood*, 711 So.2d 947, 950 (Ala. 1998)).  The ulterior purpose "must culminate in an actual abuse of the process by perverting it to a use to obtain a result which the process was not intended by law to effect."  *Id.* (citations and marks omitted).  "If the action is confined to its regular and legitimate function in relation to the cause of action . . . there is no abuse."  *Id.* at 194 (citations and marks omitted).

There is no allegation in this case that the prosecution of Plaintiff resulting from her September 4, 2007, arrest was not "confined to its regular and legitimate function in relation to the cause of action."  Also, as discussed above, Plaintiff has not made sufficient allegations of fact that Defendant acted with malice, a necessary element for an abuse of process claim.  Moreover, Plaintiff has not pled facts tending to show an ulterior purpose.  Accordingly, even if Plaintiff had alleged that process was properly commenced but subsequently used for an improper purpose, *see Rose*, 871 F.2d at 350 n.17, an abuse of process claim in the present case could not survive a motion to dismiss because of Plaintiff's failure to plead any facts that demonstrate (or even suggest) that Defendant's alleged conduct was malicious or for an ulterior, unlawful purpose.

formulaic recitation of the elements of a cause of action'" that "will not do." *Iqbal*, 129 S.Ct. at 1949 (2009)  (quoting *Twombly*, 550 U.S. at 555).  The Motion to Dismiss (doc. 13) is to be **GRANTED** for the reasons stated herein.  A separate Order of Dismissal will be entered consistent with this Memorandum Opinion.

   **DONE** this the 26th day of April, 2010.


_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge